IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. LONNIE J. PARKER ) | |
| 5805 Trinity Hts ) | |
| Texarkana, AR 71854 ) | |
| ) | |
| Plaintiff, ) | Civ. No.  15-1281 |
| ) | |
| v. ) | |
| ) | |
| NATIONAL ARCHIVES AND RECORDS ) | |
| ADMINISTRATION ) | |
| 8601 Adelphi Road ) | |
| College Park, MD 20740-6001 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1.  Plaintiff Dr. Lonnie J. Parker ("Plaintiff") brings this action to redress violations of the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant National Archives and Records Administration ("NARA") for Plaintiff's October 5, 2010 FOIA request, seeking copies of records pertaining to former Assistant U.S. Attorney Lesa Gail Bridges Jackson, who worked for the U.S. Attorney's office in Arkansas from 1989-2001, at a time that she did not have a valid bar license to practice law.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff Dr. Lonnie J. Parker, is an individual who resides in Texarkana, Miller County, Arkansas.

5. Defendant National Archives and Records Administration is an agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)(C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. *See* 5 U.S.C. § 552(a)(4)(B).

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the agency Defendant if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13. On or about October 5, 2010, Plaintiff, by and through his attorney Daniel J. Stotter, sent a FOIA request to the National Archives and Records Administration (NARA), seeking copies of agency records pertaining to former Assistant U.S. Attorney Lesa Gail Bridges Jackson, who worked for the U.S. Attorney's office in Arkansas from 1989-2001, at a time that she did not have a valid bar license to practice law.

14. On or about November 10, 2010, Plaintiff, by and through his attorney, sent a letter to the agency requesting an update as to the status of Plaintiff's FOIA request made on October 5, 2010 to NARA, and requesting information as to the approximate date by which a final response for these records would be provided.

15. On or about December 10, 2010, NARA sent Plaintiff's attorney a "Returned Request Form" that requested Plaintiff's Social Security number, date of birth, name used during federal service as well as "the authorization/handwritten signature of the person who is the subject of the record."

16. On or about December 22, 2010, NARA sent Plaintiff's attorney another "Returned Request Form" that requested Plaintiff's Social Security number, date of birth, name used during federal service as well as "the authorization/handwritten signature of the person who is the subject of the record."

17. On or about January 26, 2011 Plaintiff, by and through his attorney, sent correspondence to the National Archives and Records Administration's FOIA office, as a

follow up to that agency's letters dated December 10, 2010 and December 22, 2010. In this letter, Plaintiff's attorney informed the NARA that there is no legal requirement under FOIA for a FOIA requester to provide the social security number, date of birth, or authorization of the person who is the subject of a third party FOIA request. This letter from Plaintiff's attorney requested that agency provide the requested records for this FOIA request, or otherwise issue a final decision within 20 working days of this FOIA request as required by the FOIA statute.

18. On or about March 9, 2011, the Reference Service Branch of the National Personal Records Center sent a letter to Plaintiff's attorney providing three pages of records responsive to Plaintiff's October 5, 2010 FOIA request.

19. On or about April 7, 2011, Plaintiff, by and through his attorney, sent a FOIA administrative appeal to NARA, in response to that agency's March 9, 2011 decision, challenging the agency's failure to provide Plaintiff with all non exempt responsive records to Plaintiff's October 5, 2010 FOIA request.

20. On or about April 19, 2011 Joseph A Scanlon, NARA FOIA Officer for the Office of General Counsel, sent a letter to Plaintiff acknowledging NARA's receipt of Plaintiff's April 7, 2011 administrative appeal on April 11, 2011, and assigning this appeal as NARA case number NGC11-039A.

21. On or about April 19, 2011, Thomas E. Mills, Acting Deputy Archivist for the National Archives and Records Administration, sent Plaintiff a decision responding to

Plaintiff's administrative appeal of April 7, 2011, stating that the three pages sent to Plaintiff was the maximum amount of information releasable to Plaintiff by NARA in response to Plaintiff's October 5, 2010 FOIA request.

## VII. CLAIM FOR RELIEF
## VIOLATION OF FOIA

22. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 21 previously set forth herein.

23. Defendant has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his FOIA request of October 5, 2010 to the National Archives and Records Administration, and to undertake a search reasonably calculated to locate all responsive records for this FOIA request.

24. By failing to provide Plaintiff with all records responsive to his FOIA request of October 5, 2010, Defendant NARA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

25. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to be provided with copies of the records that he has requested in his FOIA request of October 5, 2010.

26. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his October 5, 2010 FOIA request to the National Archives and Records Administration.

27. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review in this matter.

28. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

29. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant National Archives and Records Administration has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his October 5, 2010 FOIA request, and by failing to perform an adequate search for responsive records to that FOIA request.

2. Direct by injunction that Defendant National Archives and Records Administration provide Plaintiff with all non-exempt responsive records to Plaintiff's October 5, 2010 FOIA request.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4.  Provide such other relief as the Court deems just and proper.

DATED: This 10th day of August, 2015.

Respectfully submitted,

 /S/
_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. L163
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**